**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.
  the Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Janet F. Brunell, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 7

LEBENTHAL HOLDINGS, LLC, *et al.*,                  Case No.: 17-13337 (MG)

                  Debtors.                       (Jointly Administered)
-------------------------------------------------------------x
KENNETH P. SILVERMAN, as Chapter 7 Trustee of
LEBENTHAL HOLDINGS, LLC, *et.al*,

                  Plaintiff,
                                                    Adv. Pro. No.: 19-        (MG)
        -against-

ALEXANDRA LEBENTHAL AND JEREMY DIAMOND,

                  Defendants.
--------------------------------------------------------------------X

## COMPLAINT

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate of the jointly administered estates of Lebenthal Holdings, LLC, *et al.*[1] (the "**Debtors**"), by his attorneys, SilvermanAcampora LLP, for his complaint against Alexandra Lebenthal ("**Alexandra**") and Jeremy Diamond ("**Jeremy**", and collectively with Alexandra, "**Defendants**") alleges as follows:

### Nature Of The Adversary Proceeding

1.  This complaint is brought pursuant to §§105, 502, 544, 547, 548, 550 and 551 of title 11 of the United States Code (the "**Bankruptcy Code**"), New York Debtor and Creditor Law §§273, 274, and 275, and New York common law to set aside and recover transfers made by the Debtor to or for the benefit of Defendants and pursuant to applicable state law to recover

---

[1] The Debtors are: Lebenthal Holdings, LLC (17-13337 (MG)), Lebenthal Asset Management, LLC (17-13339 (MG)), Lebenthal Family Office, LLC (17-13340 (MG)), and Lebenthal Wealth Advisors, LLC (17-13341 (MG)).

compensatory damages for Defendant Alexandra's breach of fiduciary duty, waste and mismanagement and unjust enrichment of the Debtors' assets committed to her charge while serving as an officer of the Debtors.

### **The Parties**

2. On November 28, 2017 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**")

3. By Notice of Appointment dated November 29, 2017 and November 30, 2017, Kenneth P. Silverman, Esq. was appointed the interim chapter 7 trustee of the Debtors' estates, has since duly qualified, and is the permanent Trustee of the Debtors' estates.

4. On December 17, 2017, this Court entered an order granting the application to employ SilvermanAcampora LLP as attorneys for the Trustee.

5. Upon information and belief, at all times relevant, Alexandra was a principal and member of the Debtors and an insider of the Debtors pursuant to §101(31) of the Bankruptcy Code.

6. Upon information and belief, at all times relevant, Jeremy was and is the husband of Alexandra and an insider of the Debtors pursuant to §101(31) of the Bankruptcy Code.

7. Upon information and belief, Defendants are individuals residing in the State of New York with an address of 715 Park Ave, Apt 18b, New York, New York 10021.

8. Upon information and belief, Defendants made a loan to Debtor Lebenthal Holdings, LLC ("**Holdings**") as evidenced by a certain promissory note (the "Note"), dated July 1, 2015. A copy of the Note is annexed hereto as **Exhibit A**.

## Jurisdiction And Venue

9. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and the "Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York."

10. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. §1409.

11. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1), 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(E), 157(b)(2)(F), 157(b)(2)(H), and 157(b)(2)(O).

12. In the event that this Court determines that the causes of action as alleged herein are not core proceedings, the Plaintiff consents to the entry of final orders and judgments by this Court determining such causes of action.

## Allegations Common To All Claims For Relief

13. Between December 8, 2016 and June 1, 2017 (the "**Recovery Period**"), Holdings made the following transfers to Defendants in the aggregate amount of $92,021.32 (the "**Transfers**").

| Transfer Method | DATE | AMOUNT |
| --- | --- | --- |
| Wire | 12/8/2016 | $9,370.35 |
| Wire | 1/9/2017 | $9,961.09 |
| Wire | 2/3/2017 | $10,169.23 |
| Wire | 3/10/2017 | $9,205.95 |
| Wire | 4/7/2017 | $10,430.39 |
| Wire | 5/3/2017 | $10,384.31 |
| Wire | 5/31/2017 | $22,000. |
| Wire | 6/1/2017 | $10,500 |
| | **TOTAL** | **$92,021.32** |

14. Upon a review of Holdings' records, and upon information and belief, the Transfers represented interest payments pursuant to the Note, which interest payments are avoidable pursuant to the Bankruptcy Code.

15. Upon a review of Holdings records, and upon information and belief, the Transfers were not on account of salary or other compensation.

16. In addition, upon information and belief, during the Recovery Period, Defendants caused Holdings to make payments to American Express on behalf of Alexandra for personal purchases totaling $42,432.18 (the "**AMEX Payments**").  Specifically, Holdings made the AMEX Payments on December 19, 2016 in the sum of $6,500 and on April 24, 2017 in the sum of $35,932.18.

17. Upon a review of Holdings' records, and upon information and belief, the AMEX Payments were made for the personal benefit of Alexandra and were not on account of salary or other compensation.

18. Upon information and belief, Holdings did not receive fair consideration or reasonably equivalent value in exchange for the AMEX Payments.

19. Upon information and belief, based upon a thorough review of Holdings' books and records, Holdings liabilities exceeded Holdings book value and, thus, Holdings was operating with a capital deficit.  Therefore, Holdings was insolvent during the Recovery Period (the "**Insolvency Period**").

20. During the Insolvency Period, Holdings could not pay its debts as they came due, its liabilities exceeded its assets, and it operated with a capital deficiency.

21. Upon information and belief, no less than $134,453.50 of the Transfers and the AMEX Payments were made during the Insolvency Period.

22. Upon information and belief, at the time of each of the Transfers and the AMEX Payments, and as of the Petition Date, there existed one or more unsecured creditors who

would have had the right to pursue claims under state law to avoid the Transfers and the AMEX Payments, and who hold allowable claims in Holdings' bankruptcy.

23. Upon information and belief, at the time of the Transfers and AMEX Purchases, there existed unsecured creditors of the Holdings who remained creditors as of the Petition Date.

### First Claim For Relief
**(incorporating all previous allegations)**

24. At the time of the AMEX Payments, the Holdings was insolvent or was rendered insolvent by the AMEX Payments.

25. The AMEX Payments constituted fraudulent conveyances in violation of New York the Debtor and Creditor Law §273.

26. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the AMEX Payments pursuant to New York the Debtor and Creditor Law §273 and 11 U.S.C. §§550(a) and 551, (b) may have the AMEX Payments set aside, and (c) may recover from Alexandra an amount as yet undetermined but in no event less than $42,432.18, plus interest thereon.

### Second Claim For Relief
**(incorporating all previous allegations)**

27. At the time of the AMEX Payments, Holdings was engaged or about to engage in a business or transaction for which the property remaining in its possession after the conveyance was unreasonably small capital.

28. The AMEX Payments constituted fraudulent conveyances in violation of New York the Debtor and Creditor Law §274.

29. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the AMEX Payments pursuant to New York the Debtor and Creditor Law §274 and pursuant to 11 U.S.C. §§550(a) and 551, (b) may have the AMEX

JFB/2359815.2/010001

Payments set aside, and (c) may recover from Alexandra an amount as yet undetermined but in no event less than $42,432.18, plus interest thereon.

### Third Claim For Relief
**(incorporating all previous allegations)**

30. At the time of the AMEX Payments, Holdings had incurred, was intending to incur or believed that it would incur debts beyond its ability to pay them as they matured.

31. The AMEX Payments constituted fraudulent conveyances in violation of New York the Debtor and Creditor Law §275.

32. By reason of the foregoing, under Bankruptcy Code §544(b), the Trustee (a) is entitled to a judgment avoiding the AMEX Payments pursuant to New York the Debtor and Creditor Law §275 and pursuant to 11 U.S.C. §§550(a) and 551, (b) may have the AMEX Payments set aside, and (c) may recover from Alexandra an amount as yet undetermined but in no event less than $42,432.18, plus interest thereon.

### Fourth Claim For Relief
**(incorporating all previous allegations)**

33. The AMEX Payments were made within one (1) year of the Filing Date.

34. Holdings received less than reasonably equivalent value in exchange for the AMEX Payments under Bankruptcy Code §548(a)(1)(B).

35. Holdings (i) was insolvent on the date that the AMEX Payments were made or became insolvent as a result of the AMEX Payments, (ii) was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with Holdings was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

36. The AMEX Payments constitute avoidable transfers pursuant to Bankruptcy Code §548(a)(1)(B).

37. By reason of the foregoing, and pursuant to Bankruptcy Code §548(a)(1)(B), the Trustee is entitled to a judgment: (a) avoiding the AMEX Payments; and (b) pursuant to 11

U.S.C. §§550(a) and 551 recovering an amount to be determined at trial but in no event less than $42,432.18, together with interest thereon.

### Fifth Claim For Relief
**(incorporating all previous allegations)**

38. At all times relevant, Defendants were insiders of Holdings as that term is defined in 11 U.S.C. §101(31).

39. Within one (1) year of the Petition Date, Defendants received the Transfers.

40. The Transfers were made to or for the benefit of Defendants.

41. The Transfers were made while Holdings was insolvent.

42. The Transfers were made on account of antecedent debts owed by Holdings to Defendants before such Transfers were made.

43. Holdings unsecured creditors with allowed claims will not be paid in full and, therefore, the Transfers enabled Defendants to receive more than they would have received if the Transfers had not been made.

44. The Transfers constitute avoidable transfers pursuant to Bankruptcy Code §547(b)(4)(B).

45. Based upon the foregoing, Trustee is entitled to a judgment (a) avoiding the Transfers, and (b) pursuant to 11 U.S.C. §§550(a) and 551 may recover from Defendants an amount as yet undetermined but which is equal to any and all sums paid to or received by Defendants, which amount is, in no event, less than $92,021.32, plus appropriate interest thereon.

### Sixth Claim For Relief
**(incorporating all previous allegations)**

46. The AMEX Payments represented personal purchases of Alexandra and were impermissible transfers of Holdings' funds.

47. Alexandra was an ultimate beneficiary of the AMEX Payments and Defendants where the ultimate beneficiaries of the Transfers under circumstances in which Defendants

would be unjustly enriched if they were to retain such proceeds because Holdings did not receive reasonably equivalent value for such transfers and/or purchases.

48. As a result of the transactions and conduct described herein, Defendants have been unjustly enriched and may not in equity and good conscience retain the AMEX Payments and the Transfers.

49. By reason of the foregoing, Defendants are liable for unjust enrichment to the Trustee in an amount as yet undetermined but in no event less than $134,453.50, plus appropriate damages and interest thereon.

### Seventh Claim For Relief
**(incorporating all previous allegations)**

50. At all relevant times, Alexandra, as a member and officer of Holdings, owed a duty to Holdings and its creditors to carefully manage Holdings business operations, to devise, implement and maintain proper controls and reporting procedures with respect to the Holdings' financial affairs and to prepare, supervise, review and approve the Holdings financial reports, including its annual financial statements, quarterly interim statements and reports transmitted to third parties, including its lenders.

51. Alexandra was responsible for the overall maintenance of Holdings books and records, the establishment, implementation and maintenance of their internal financial controls and operating procedures and the preparation of its financial statements.

52. Alexandra neglected and failed to perform her duties as a member and an officer of Holdings in the management and disposition of Holdings assets committed to her charge and thereby wasted and mismanaged such corporate assets by failing to devise, implement and maintain proper internal financial controls and operating procedures with respect to the Holdings affairs.

JFB/2359815.2/010001

53. As a direct result of Alexandra's negligence in the implementation and maintenance of essential financial controls and operating procedures, Holdings engaged in activities that resulted in its financial demise.

54. Upon information and belief, Alexandra further neglected and failed to perform her duties as an officer, director and/or person in control of Holdings in the management and disposition of the assets of Holdings committed to her charge and thereby wasted and mismanaged such corporate assets by failing to take action to preserve and safeguard the Holdings resources and negligently dissipating such resources.

55. Upon information and belief, Alexandra failed to make any investigation into the need, wisdom or feasibility of certain of Holdings expenditures and financial commitments before committing Holdings resources thereto, or, alternatively, negligently permitted such frivolous and unauthorized expenditures, thereby wasting Holdings assets.

56. Upon information and belief, Alexandra abdicated her responsibilities as an officer, director and/or person in control of the Holdings by acting in her own self-interest rather than exercising any independent informed business judgment.

57. The personal obligations paid for by Holdings comprising such waste and mismanagement included, but are not limited to, the AMEX Purchases and the Transfers.

58. The Holdings did not receive reasonably equivalent value in exchange for the AMEX Purchases.

59. As a result of all of the foregoing, Holdings suffered losses totaling at least an amount equal to the sum of the AMEX Purchases and the Transfers described hereinabove totaling no less than $134,453.50, by causing or allowing Holdings to make the AMEX Purchases and the Transfers, leaving Holdings with unpaid liabilities and unreasonably small capital from which to satisfy those liabilities with a multitude of claimants seeking compensatory and other damages and all of which culminated in the Holdings financial ruin and ultimate bankruptcy.

60. By reason of the foregoing, Alexandra should be directed to account for her waste and mismanagement and is liable to the Trustee in an amount as yet undetermined, but in no event less than $134,453.50.

### Eighth Claim For Relief
**(incorporating all previous allegations)**

61. By reason of the foregoing, Alexandra has breached her fiduciary duty to Holdings under New York Business Corporation Law §720 and by reason of Alexandra's waste and mismanagement, Holdings has been damaged in an amount as yet undetermined, but in no event less than the total sum of the $134,453.50.

62. By reason of the foregoing, Alexandra is liable to the Trustee in an amount as yet undetermined, but in no event less than $134,453.50 and should be directed to account for her waste and mismanagement and return this amount to the estate from the AMEX Purchases and the Transfers.

### Ninth Claim for Relief
**(incorporating all previous allegations)**

63. Defendants are the recipient of the Transfers, which are avoidable and recoverable under Bankruptcy Code §§547 and 550.

64. Despite due demand, Defendants have not returned the Transfers.

65. Based upon the foregoing, and pursuant to Bankruptcy Code §502(d), any claims filed by Defendants or scheduled in favor of Defendants against the Debtors and Holdings must be disallowed unless and until Defendants return the Transfers.

**WHEREFORE**, plaintiff Kenneth P. Silverman, Esq., the Chapter 7 Trustee of Holdings, demands judgment against Defendants and or Alexandra as follows:

(a) on the Trustee's first claim for relief (a) avoiding the AMEX Payments pursuant to New York Debtor and Creditor Law §273, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $42,432.18 from Alexandra, plus interest thereon;

(b) on the Trustee's second claim for relief (a) avoiding the AMEX Payments pursuant to New York Debtor and Creditor Law §274, and (b) pursuant to 11

U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $42,432.18 from Alexandra, plus interest thereon;

(c) on the Trustee's third claim for relief (a) avoiding the AMEX Payments pursuant to New York Debtor and Creditor Law §275, and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $42,432.18 from Alexandra plus interest thereon;

(d) on the Trustee's fourth claim for relief (a) avoiding the AMEX Payments pursuant to 11 U.S.C. §548(a)(1)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $42,432.18 from Alexandra, plus interest thereon;

(e) on the Trustee's fifth claim for relief (a) avoiding the Transfers pursuant to 11 U.S.C. §547(b)(4)(B), and (b) pursuant to 11 U.S.C. §§550(a) and 551, recovering an amount to be determined at trial, but in no event less than $92,021.32 from Defendants, plus interest thereon;

(f) on the Trustee's sixth claim for relief for unjust enrichment under New York common law in an amount to be determined at trial, but in no event less than $134,453.50 from Defendants, plus damages and interest thereon;

(g) on the Trustee's seventh claim for relief for waste and mismanagement of the Debtor's assets in an amount to be determined at trial, but in no event less than $134,453.50;

(h) on the Trustee's eighth claim for relief for breach of fiduciary duty in an amount to be determined at trial, but in no event less than $134,453.50;

(i) on the Trustee's ninth claim for relief pursuant to 11 U.S.C. §502(d), in the Trustee's favor and against Defendants, disallowing any claims filed by Defendants against the Debtors and Holdings or scheduled in Defendant's favor in the Debtors' bankruptcy cases unless and until Defendants return the Transfers to the Trustee; and

(j) for such other, further and different relief as the Court deems proper.

Dated: Jericho, New York
November 26, 2019

**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.,
 the Chapter 7 Trustee

By:     */s/ Janet F. Brunell*
Janet F. Brunell
Counsel to the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300